JESÚS FIGUEROA TORRES y la SUCESIÓN DE DOÑA CARMEN BONETA, ETC., demandantes y apelantes, *v.* MARÍA, EUGENIA e ISABEL PÉREZ LUGO y SANTOS PÉREZ LUGO, demandados y apelados.

Núm. 8731.—*Sometido:* Noviembre 12, 1943. *Resuelto:* Noviembre 30, 1943.

*Pedro E. Anglade,* abogado de los apelantes; *Antonio Reyes Delgado,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Los demandantes iniciaron una acción ante la Corte de Distrito de Arecibo sobre nulidad de procedimiento ejecutivo sumario hipotecario. En su demanda alegaron que Jesús Figueroa por sí y en su carácter de apoderado de su esposa Carmen Boneta Salvat, constituyó hipoteca voluntaria a favor de las señoritas María, Sinforiana, Eugenia e Isabel Pérez Lugo en garantía del pago de un préstamo de $2,500 más $600 para intereses y $200 calculados para costas, gastos y honorarios de abogado; que la hipoteca se constituyó sobre una finca urbana, que se describe en la demanda, y la cual contiene "una superficie cuadrada de 271 metros, 84 centímetros"; que al inscribirse el contrato de hipoteca, el Registrador de la Propiedad de Arecibo, hizo constar, en parte, lo siguiente:

"INSCRITO el precedente documento que es copia de la escritura número 49 otorgada en esta ciudad el 21 de abril último ante el notario Luis Mercader con vista de otro de folio 154 vto. del tomo 143 de este municipio, finca número 6360, inscripción segunda, *habiendo sido denegada esta inscripción en cuanto a la cabida que resulta del Registro y la que se le asigna en este título. . .*" (Bastardillas nuestras.)

Continúan alegando los demandantes que vencido el crédito hipotecario los acreedores procedieron a ejecutar sumariamente el mismo y a ese efecto radicaron el 30 de agosto

de 1933 *"un escrito inicial enmendado"* y la corte dictó la orden de requerimiento de pago el 1 de septiembre de 1933 "a pesar de que la certificación expedida por el registrador fué librada por éste en 29 de septiembre de 1933 o sea 29 días después de dictada la orden de requerimiento y que en dicha certificación el registrador hizo constar lo siguiente:

". . . cuya hipoteca se inscribió a favor de las referidas acreedoras *sólo en cuanto a la cabida de doscientos cuarenta y un metros cincuenta y un centímetros cuadrados que resultan del Registro* y denegada la inscripción por la diferencia hasta la cabida que se le asigna en el título por no aparecer inscrita en favor del deudor. . ." (Bastardillas nuestras.)

Alegaron además los demandantes que a pesar de que la hipoteca "no fué inscrita sobre el inmueble que se describe en la escritura" los ejecutantes aquí demandados "en el escrito *inicial* . . . falsamente y a sabiendas de que lo era alegaron en su escrito inicial *enmendado:"*

"Que de la certificación que se acompaña a la presente demanda, expedida por el señor Registrador de la Propiedad de Arecibo con fecha 8 de julio de 1933, aparece que la hipoteca que se ejecuta está inscrita y vencida. . ."

Por último los demandantes alegaron como motivo de nulidad del ejecutivo sumario que la Corte de Distrito de Arecibo actuó sin jurisdicción en el mismo porque "no estando dicha hipoteca inscrita sobre la finca que se describe en la demanda no podía dicho tribunal autorizar la orden de requerimiento de pago indicada ya que habiéndose denegado en parte la inscripción de la hipoteca, ésta no constituía una carga real sobre el inmueble descrito."

Los demandados presentaron excepciones previas al efecto de que la demanda 1, no aducía hechos suficientes constitutivos de causa de acción, 2, por indebida acumulación de partes demandadas y 3, por ambigüedad.

Oídas las partes la corte inferior declaró con lugar la primera y tercera de dichas excepciones y concedió diez días

a los demandantes para radicar demanda enmendada. Transcurridos varios meses los demandantes solicitaron de la corte que dictara sentencia "para poder recurrir ante el Hon. Tribunal Supremo en apelación". Así lo hizo la corte y los demandantes establecieron el presente recurso en el cual sostienen que la sentencia dictada "es contraria al derecho establecido y a la jurisprudencia interpretativa de aquél", y que la corte erró al imponer a los demandantes el pago de costas y $150 para honorarios de abogado.

▇ Los fundamentos que expresó la corte inferior para sostener su sentencia fueron, en parte, los siguientes:

"La demanda en su hecho octavo se basa principalmente en que la escritura de hipoteca del otro pleito objeto de la ejecución no se inscribió en el Registro, a pesar de que los demandantes, en el hecho sexto, copian la nota del Registrador de la cual aparece que el contrato de hipoteca fué inscrito, aunque haciendo salvedad de la diferencia o pequeño exceso de cabida de la finca, constante en la escritura, con respecto a lo que aparecía en el Registro. El montante de esa diferencia consta en la nota del Registro que se copia en el hecho siete de la demanda, donde aparece de nuevo que la hipoteca se inscribió en cuanto a la cabida de 241 metros cuadrados, en vez de 271 que consta en el hecho quinto de la demanda en la descripción de la finca.

"A pesar de que los demandantes en su demanda presentan estos hechos, aunque en forma algo confusa, tratan con habilidad ingenua de demostrar con palabras, que la hipoteca no fué inscrita y que se ejecutó sin estar inscrita. De haber sido dos inmuebles distintos, el que fué objeto de la hipoteca y aquél sobre el cual se inscribió con la cabida anterior, el Registrador no hubiese podido hacer inscripción alguna del contrato como lo hizo.

"También se funda la demanda en que se dictó mandamiento de ejecución sin haberse presentado la certificación del Registro con el escrito inicial, pero de la propia demanda resulta que se presentaron dos certificaciones: una cuando se radicó la demanda de ejecución y otra aclaratoria posteriormente. Lo que pasa es que la forma hábil como los demandantes han colocado tales hechos y admisiones, ofrece confusión y ambigüedad. Veamos: en el hecho séptimo de la demanda se alega que se dictó la orden de requerimiento en septiembre primero de 1933 y que la certificación se libró el 29 del mismo mes,

pero en el hecho octavo de la misma demanda se admite que se había presentado una certificación junto con el escrito inicial de demanda ejecutiva librada por el registrador el 8 de julio de 1933 y se silencia la fecha en que fué presentado dicho escrito inicial. Por la nota del Registrador que se copia en el hecho séptimo, en relación con lo que . consta del hecho octavo de la demanda, se desprende lógicamente que hubo dos certificaciones, *y que la última de septiembre 29 no fué la base del requerimiento,* sino que constituyó una aclaración de por qué se había denegado la inscripción del pequeño exceso en cuanto a metros cuadrados que difería en la escritura de hipoteca de lo que constaba en el Registro.'' (Bastardillas nuestras.)

A nuestro juicio la corte inferior no erró al declarar con lugar las excepciones previas. La demanda es, no sólo ambigua, sino que tampoco aduce hechos constitutivos de una causa de acción.

La hipoteca fué constituída por Figueroa y su esposa sobre una finca de 271 m/c que describieron en la escritura. Dicha hipoteca fué debidamente inscrita en cuanto a la verdadera cabida de la finca, 241 m/c, según aparecía del registro. Se denegó la inscripción únicamente en cuanto a la diferencia en la cabida de 30 m/c. Las acreedoras hipotecarias sólo adquirieron aquella garantía que los deudores podían darle según la cabida de la finca inscrita. Aun cuando al ejecutar su crédito alegaron que la finca era de 271 m/c, a los efectos del Registro de la Propiedad los deudores no tenían una finca de 271 m/c sino una de 241 m/c y sobre ésta era que existía inscrita la hipoteca. Fueron los propios deudores hipotecarios quienes indujeron a error a sus acreedores al hacer constar que estaban dando una garantía mayor que aquella que en efecto habían prestado. Si alguien resultaba perjudicado eran los acreedores. Bajo estas circunstancias no puede sostenerse, como pretenden los apelantes, que en el ejecutivo sumario los acreedores falsearon los hechos. Si la hipoteca constituída e inscrita sólo gravaba una finca de 241 m/c propiedad de los esposos Figueroa, fueron más bien éstos los que falsearon los hechos al constituir la hipoteca.

En cuanto a las alegaciones contenidas en la demanda que se refieren indistintamente al escrito inicial, al escrito inicial enmendado y a las certificaciones expedidas por el registrador, se expusieron con tanta ambigüedad y ·confusión que no creemos que la corte inferior errara al resolver que la demanda era ambigua e ininteligible. La certificación enmendada lo que hizo fué aclarar expresando el registrador específicamente que la hipoteca se había inscrito en cuanto a la cabida real de la finca y denegado solamente en cuanto a 30 m/c. Sea ello como fuere los demandantes tuvieron la oportunidad de enmendar. su demanda para expresar los hechos con la debida claridad y no, como lo hicieron con habilidad ambigua y confusa, y rehusaron hacerlo solicitando se dictara sentencia en su contra. Bajo las circunstancias concurrentes no estamos convencidos de que la corte inferior erró al imponerles el pago de honorarios de abogado.

*Debe confirmarse la sentencia apelada.*